UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROBERT BYE,

    Plaintiff,

v.

JUSTUN MUNN, et al.,

    Defendants.
_____/

Case No. 1:23-cv-1312

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a pro se civil rights action, filed pursuant to 42 U.S.C. § 1983, in which Plaintiff Michael Bye alleges that Defendants Justun Munn and Dave Cunningham "violated his Fourth, Fifth, and Fourteenth Amendment rights when they entered his dwelling [to conduct a building inspection] without his authorization or an administrative warrant" (*see* First Amended Complaint, ECF No. 4). Defendant Munn filed a motion for summary judgment (MSJ, ECF No. 51). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) (ECF No. 60), recommending that the Court grant Defendant Munn's motion.

Presently before the Court are Plaintiff's Objections to the Report and Recommendation (ECF No. 61). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made. The Court will deny the objections for the reasons stated in greater detail below.

## I. ANALYSIS

### A. Plaintiff's Objections to the Report and Recommendation Lack Merit

Plaintiff has not "specifically identif[ied]" the portions of the Report and Recommendation to which his objections are made, he has not separately labeled his objections, and he has not meaningfully articulated the basis for several of his objections in violation of this Court's rules. *See* W.D. Mich. LCivR 72.3(b). The Court will address Plaintiff's objections *ad seriatim* as they are presented in Plaintiff's filing.

First, Plaintiff "objects" that the Magistrate Judge did not consider an affidavit from an electrician that was signed after the close of discovery, submitted to the Magistrate Judge after Plaintiff's summary judgment response deadline, and reattached to Plaintiff's Objections (*see* Obj., ECF No. 61 at PageID.299–300; Opp., ECF No. 63 at PageID.325–326). This Court's rules state that a party opposing a dispositive motion shall file any "supporting materials" along with the responsive brief, which Plaintiff failed to do here. *See* W.D. Mich. LCivR 7.2(c); *see also Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453 (6th Cir. 2018) (noting that a district court's local rules carry the "force of law") (citing *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010)). Furthermore, even if Plaintiff had not violated applicable rules, it is within the sound discretion of a court ruling on a summary judgment motion "whether to consider affidavits submitted in an untimely fashion." *See Hooks v. Hooks*, 771 F.2d 935, 946 (6th Cir. 1985). Courts within this circuit routinely decline to consider untimely affidavits submitted after summary judgment deadlines. *See, e.g., Moore v. Univ. of Memphis*, No. 10-2933-AJT-TMP, 2013 WL 12482117, at *2 (W.D. Tenn. Aug. 14, 2013) (collecting cases). Plaintiff has advanced no argument or authority indicating that the Magistrate Judge erred in declining to rely on the untimely affidavit at issue, which the Court again notes was

generated after the expiration of applicable summary judgment deadlines and filed in violation of Court rules.[1]  This objection lacks merit.

Second, Plaintiff "objects" that "the Report and Recommendation also states that Plaintiff's first and initial complaint, and response lacks declarations of veracity" (Obj., ECF No. 61 at PageID.300–301).  To the extent Plaintiff attempts to argue that he submitted a verified complaint, he fails to meaningfully engage with either the Magistrate Judge's reasoning on that point or the controlling authorities indicating that Plaintiff's unverified pleadings are not evidence for purposes of summary judgment (see R&R, ECF No. 60 at PageID.274–275).  This objection lacks merit.

Third, Plaintiff "objects" to the Magistrate Judge's recitation of the undisputed facts relevant to Defendant Munn's motion for summary judgment by arguing—without citation to the record or applicable authorities—that the "author of the courts [sic] Report and Recommendation doesn't realize the facts contained are not the real facts" (see Obj., ECF No. 61 at PageID.301–303).  Again, Plaintiff fails to "specifically identify" the portions of the Report and Recommendation to which his objection is made, and he fails to meaningfully articulate the basis for this "objection" with citations to the record, instead recycling assertions from his unverified pleadings and earlier briefing.  See W.D. Mich. LCivR 72.3(b).  This objection is without merit.

Fourth, Plaintiff "objects" that the Magistrate Judge improperly concluded Plaintiff lacked "STANDING because Plaintiff was not injured which is another untrue statement," at certain

---

[1] Furthermore, even if the affidavit had been timely submitted—which it was not—it nevertheless conflicts with undisputed documentary evidence in the record indicating that Plaintiff and his contractor consented to an inspection of Plaintiff's property (see MSJ Ex. 4, ECF No. 52-5 at PageID.191 ("Lift chain to go through gate, or just walk around.")).  A "conclusory affidavit" that is both unsupported by "specific evidence" and that "conflicts with all of the document[s]" in the undisputed record "does not create a genuine dispute of material fact."  *Pierce v. Ocwen Loan Servicing, LLC*, No. 20-6057, 2021 WL 4129526, at *2 (6th Cir. Sept. 10, 2021); accord *G.D. Deal Holdings, LLC v. Baker Energy, Inc.*, 291 F. App'x 690, 696 (6th Cir. 2008).

points conflating the Magistrate Judge's analysis of Plaintiff's failure to establish the "invasion of a legally protected interest" with Plaintiff's allegation that he suffers from "PTSD" apparently caused by Defendants' inspection of an unoccupied property after Plaintiff had applied for a permit requiring an inspection (*see* Obj., ECF No. 61 at PageID.303–305).  Again, Plaintiff fails to meaningfully articulate the basis for this objection or provide citations to applicable authorities or evidence in the record.  *See* W.D. Mich. LCivR 72.3(b).  This objection lacks merit.

Fifth, Plaintiff "objects" to the Magistrate Judge's conclusion regarding qualified immunity, offering general legal propositions and reminding the Court that it should not "weigh evidence" (*see* Obj., ECF No. 61 at PageID.306–307).  Again, Plaintiff fails to identify the specific analysis by the Magistrate Judge to which he objects, and he fails to meaningfully articulate, with citations to the record and applicable authority, how the Magistrate Judge erred in the Report and Recommendation.  *See* W.D. Mich. LCivR 72.3(b).  This objection lacks merit as well.[2]

Last, Plaintiff has submitted a new affidavit with three supporting exhibits—which he signed on August 28, 2025, after the date on which the Magistrate Judge issued the Report and Recommendation—in support of his Objections (*see* Bye Aff., ECF Nos. 62 to 62-3).  Courts within this circuit "generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation."  *See Devore v. Tennessee Dep't of Safety*, No. 3:09-00822, 2012 WL 3779305, at *1 (M.D. Tenn. Aug. 30, 2012) (citing *Murr v. United States*, 200 F.3d 895,

---

[2] Defendant Munn's response to Plaintiff's Objections asserts—without citation to the relevant portions of the record—that "Plaintiff continues to insist that the Fifth Amendment applies to local officials" and "Plaintiff objects that the R&R wrongly concluded he lacked a reasonable expectation of privacy in the unoccupied property" (Response, ECF No. 63 at PageID.327).  Given Plaintiff's failure to comply with Court rules, it is unclear that he has raised or preserved any such objections.  *See* W.D. Mich. LCivR 72.3(b).  Nevertheless, assuming without deciding that Plaintiff properly preserved these objections, the Court concludes that they lack merit given Plaintiff's failure to "properly articulate" the basis for them or to provide citations to controlling authority indicating that the Magistrate Judge erred.  *See id.*

902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").³ Plaintiff has not attempted to justify the late introduction of this new evidence, and the Court declines to consider it here. *See id.*

In sum, Plaintiff's objections fail to identify any factual or legal error in the Magistrate Judge's analysis or conclusion. Accordingly, this Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

### B. Further Instructions to the Magistrate Judge

Federal Rule of Civil Procedure 72(b) states that "in reviewing a magistrate judge's recommendation, the district judge may . . . return the matter to the magistrate judge with instructions." *See Moore v. United States Dep't of Agric.*, No. 17-5363, 2018 WL 1612299, at *2 (6th Cir. Jan. 31, 2018). The Court will issue further instructions pursuant to Federal Rule of Civil Procedure 72(b). *See id.*

The Magistrate Judge has recommended that the Court grant Defendant Munn's motion for summary judgment in part on standing grounds—indicating that the Court lacks subject matter jurisdiction over Plaintiff's claims—and the Magistrate Judge's reasoning appears to apply equally to Plaintiff's claims against both Defendants Munn and Cunningham (R&R, ECF No. 60 at PageID.290) ("Because Munn and Cunningham entered the unoccupied house only after having

---

³ *Accord TD Invs., LLC v. Nat'l City Bank*, No. 1:21-CV-337, 2022 WL 950395, at *1 (S.D. Ohio Mar. 30, 2022) ("The Declaration is not a valid objection to the Magistrate Judge's Order and Report and Recommendation. The Court will not consider new evidence at this stage."); *Gossard v. Warden, Madison Corr. Inst.*, No. 2:14-CV-1842, 2017 WL 2735585, at *4 (S.D. Ohio June 26, 2017) ("Plaintiff submitted supporting evidence for the first time on his objection to the R&R, [and] the Court declines to give Plaintiff another bite at the apple by considering the declaration."); *Hunter v. Joboulian*, No. 1:17-CV-832, 2019 WL 1085300, at *2 (W.D. Mich. Mar. 7, 2019) ("The Court declines to consider arguments raised for the first time on objection to the Report and Recommendation.").

received permission to do so from Bye's contractor, Bye suffered no invasion of a legally protected interest and thus does not have an injury sufficient to support standing or subject matter jurisdiction in this matter."). The Report and Recommendation, however, does not analyze whether the Court has jurisdiction to consider Plaintiff's claims against Defendant Cunningham because Defendant Cunningham lacks counsel and did not move for summary judgment (*see* R&R, ECF No. 60 at PageID.271).

The Court notes that—regardless of whether Defendant Cunningham has moved for summary judgment—the Court has a sua sponte duty to consider whether it has jurisdiction. *See Clark v. United States*, 764 F.3d 653, 657 (6th Cir. 2014). And the "court may grant summary judgment sua sponte" provided that the party opposing summary judgment "had notice that the court was considering summary judgment on the claim, as well as a reasonable opportunity to present its arguments and evidence of the claim." *Aubin Indus., Inc. v. Smith*, 321 F. App'x 422, 423 (6th Cir. 2008) (citing FED. R. CIV. P. 56(f)(3)). The Court will thus "return this matter" with the additional instruction that the Magistrate Judge issue a separate report and recommendation addressing whether Plaintiff has standing to pursue his claims against Defendant Cunningham and whether Defendant Cunningham is entitled to summary judgment based on the undisputed record, permitting Plaintiff to submit additional briefing if necessary.[4] *See Moore*, 2018 WL 1612299 at *2; *Aubin Indus.,* 321 F. App'x at 423 (citing FED. R. CIV. P. 56(f)(3)).

---

[4] To the extent the Magistrate Judge authorizes additional briefing, the Magistrate Judge should consider in the first instance whether Plaintiff is entitled to submit new evidence—generated after the close of discovery and after the initial dispositive motion deadline—that would have been equally relevant to whether Plaintiff has standing to pursue his claims against Defendant Munn. *See Aubin Indus., Inc,* 321 F. App'x at 423 (noting that a party must receive notice that the Court is considering whether to grant summary judgment sua sponte on specific claims and must have a reasonable opportunity to be heard as to those claims); *see also Pierce*, 2021 WL 4129526 at *2 (noting that a "conclusory affidavit" that is both unsupported by "specific evidence" and that

## II.  CONCLUSION

For the reasons stated above:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 61) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 60) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Munn's Motion for Summary Judgment (ECF No. 51) is GRANTED and Defendant Munn is TERMINATED from the case.

**IT IS FURTHER ORDERED** that the Magistrate Judge shall issue a separate report and recommendation pursuant to the instructions provided in this Opinion and Order addressing Plaintiff's claims against Defendant Cunningham and providing Plaintiff with an appropriate opportunity to be heard as to those claims if needed.


Dated: December 3, 2025                                   /s/ Jane M. Beckering
                                                                                         JANE M. BECKERING
                                                                                         United States District Judge

---

"conflicts with all of the document[s]" in the undisputed record "does not create a genuine dispute of material fact"); *accord G.D. Deal Holdings, LLC*, 291 F. App'x at 696.